OPINION
{¶ 1} Defendant-appellant Demetrius Sims ("Sims") brings this appeal from the judgment of the Court of Common Pleas of Allen County denying his motion to suppress.
 {¶ 2} The Lima Police Department used a confidential informant to perform a controlled buy on September 24, 2003. At that time, the officers observed Sims driving a vehicle and knew that Sims' license was suspended. A warrant was obtained for Sims' arrest for driving under suspension. Believing that Sims was involved in the sale of drugs, the officers had the confidential informant set up a drug purchase from Sims on September 26, 2003. Officer Kris Sprouse ("Sprouse") observed Sims leave his home immediately following the call from the confidential informant. Sprouse saw Sims get in the car and drive away. Sprouse then confirmed that Sims did not have a valid license and that there was a warrant for his arrest for driving under suspension. Sprouse then stopped Sims and placed him under arrest. After Sims was arrested, the police proceeded to search Sims' car with the assistance of a police dog. The dog alerted to the presence of drugs in the vehicle. The vehicle was briefly searched and then towed due to it having expired tags. Sims was transported to the police department and searched. That search produced packages of cocaine and crack cocaine in Sims' boxer shorts.
 {¶ 3} On November 14, 2003, the Allen County Grand Jury indicted Sims on two counts of trafficking in crack cocaine, two counts of trafficking in cocaine, two counts of drug possession, and one count of engaging in a pattern of corrupt activities. Sims filed a motion to suppress statements and tangible evidence on November 25, 2003. Sims received new counsel on December 15, 2003, and new motions to suppress were filed on December 22, 2003, and January 2, 2004. On January 6, 2004, a hearing was held on the motions to suppress. The motions to suppress were denied on January 21, 2004, and on February 6, 2004. After the motions were overruled, Sims entered into a negotiated plea with the State. Sims then entered pleas of no contest to one count of trafficking in crack cocaine near a school and one count of possession of crack cocaine. The remaining charges were dismissed. The trial court reviewed the evidence and entered findings of guilty to the two charges. On March 15, 2004, the trial court sentenced Sims to twelve months in prison on each count. The sentences were ordered to be served consecutively to each other as well as consecutive to the sentence in an earlier case. Sims appeals from these judgments and raises the following assignment of error.
The trial court should have suppressed the evidence obtainedpursuant to a warrantless search of [Sims] by law enforcement onSeptember 26, 2003.
 {¶ 4} Reviewing a motion to suppress is a mixed question of law and fact. State v. Norman, 136 Ohio App.3d 46,1999-Ohio-961, 735 N.E.2d 953. In a motion to suppress, the trial court is the trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. Id. Thus, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting those facts as true, we then must determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Id.
 {¶ 5} The assignment of error alleges that the officers had no basis to arrest him and to search his vehicle or person. The Ohio Supreme Court has held that:
"so long as the officer has probable cause to believe that atraffic violation has occurred or was occurring, the resultingstop is not unlawful and does not violate the Fourth Amendment.* * * We focus not on whether a reasonable officer `would' havestopped the suspect (even though he had probable cause to believethat a traffic violation had occurred), or whether any officer`could' have stopped the suspect (because a traffic violation hadin fact occurred), but on whether this particular officer in facthad probable cause to believe that a traffic offense hadoccurred, regardless of whether this was the only basis or merelyone basis for the stop. The stop is reasonable if there wasprobable cause, and it is irrelevant what else the officer knewor suspected about the traffic violator at the time of the stop.It is also irrelevant whether the stop in question issufficiently ordinary or routine according to the generalpractice of the police department or the particular officermaking the stop.
* * *
"We accomplish several things by holding that a traffic stop,supported by probable cause, of a vehicle as to which the officeralso has suspicions of more nefarious activity, is notunreasonable because it is based at least in part upon othermotivations. We ensure that the validity of such stops is notsubject to the vagaries of police departments' policies andprocedures concerning the kinds of traffic offenses of which theyordinarily do or do not take note. We ensure as well that thosewho are engaged in more nefarious activity are not insulated fromcriminal liability for those activities simply because a judgedetermines that the police officer who executed the traffic stop,had he been the mythical reasonable officer, would not havestopped them for the traffic offense that they in fact committed.We ensure that law enforcement officers who see actual violationsof the law, even minor ones, are not left to ponder whether theiractions in enforcing the law are appropriate. Finally, we ensurethat the courts leave to the legislatures the job of determiningwhat traffic laws police officers are authorized to enforce andwhen they are authorized to enforce them." (citation omitted.)
 We agree with the Sixth Circuit's cogent analysis of theissue. Specifically, we are in complete agreement with the SixthCircuit that a traffic stop based upon probable cause is notunreasonable, and that an officer who makes a traffic stop basedon probable cause acts in an objectively reasonable manner.Accordingly, we * * * hold that where a police officer stops avehicle based on probable cause that a traffic violation hasoccurred or was occurring, the stop is not unreasonable under theFourth Amendment to the United States Constitution even if theofficer had some ulterior motive for making the stop, such as asuspicion that the violator was engaging in more nefariouscriminal activity.
 Dayton v. Erickson (1996), 76 Ohio St.3d 3, 10-11,665 N.E.2d 1091, citing United States v. Ferguson (C.A.6, 1993), 8 F.3d 385,391-392. The Court held that as long as the officer had probable cause at the time of the stop to make the stop, then the stop is not invalid. Dayton, 76 Ohio St. 3d at 11-12.
 {¶ 6} The facts of this case indicate that the officers personally observed Sims driving a vehicle on September 24, 2003. From their past dealings with Sims, they knew he did not have a valid operator's license. Based upon that knowledge, they requested and obtained an arrest warrant. Sprouse observed Sims get into the driver's seat of a vehicle, start the vehicle and proceed to drive upon the public roads. Sprouse verified with dispatch that Sims did not have a valid license. He also learned that there was an outstanding arrest warrant for Sims. This information along with Sprouse's personal recognition of Sims as a person without a valid operator's license provides probable cause for Sprouse to stop Sims. Sprouse personally observed Sims violating a traffic law. Thus, Sprouse's actions in stopping Sims were reasonable.
 {¶ 7} Since Sprouse personally saw Sims driving without a valid license, there was probable cause for Sprouse to arrest Sims, even if there had not been an outstanding warrant for his arrest. Once Sims was arrested, a brief inventory of the vehicle was permitted.[1] A search of Sims' person at the police station was also permitted as it was incidental to the arrest. During the search of Sims' person incidental to his arrest and incarceration, the police located the crack cocaine. Thus, the evidence was found during a lawful search. The trial court did not err in denying the motions to suppress. The assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
 Shaw, P.J. and Rogers, J., concur.
[1] This court notes that even if the vehicle search was not permitted, the matter would be moot. The state did not attempt to introduce any evidence from the vehicle.